JAMES E. BROUGHAM, JR., vs. TOWN COUNCIL OF TOWN OF
SOUTH KINGSTOWN, et al.

NOVEMBER 23, 1910.

PRESENT: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

(1)  *Supervisors of Election. Filling Vacancies.*

Where a list of six names of electors was presented to a town council, for the
selection of supervisors of election under provisions of Pub. Laws, cap. 640,
§ 18, and the council selected two, one of whom accepted and the other
declined the appointment, and three of the remaining electors also de-
clined to serve, leaving one elector, who was willing to accept, no list as
contemplated by the statute existed from which the vacancy might be
filled, and the council should fill such vacancy in the same manner as when
no list has been submitted to it.

MANDAMUS.  The facts are stated in the opinion.

SWEETLAND, J.  The petitioner, as a qualified elector of
the town of South Kingstown and of voting district No. 1,
therein, asks for a writ of *mandamus* commanding the said
town council, or the respondent Everett E. Jones, as presiding
officer of said town council, to appoint the said petitioner to
the office of democratic supervisor of election in said voting
district No. 1, in the town of South Kingstown, for the annual
election to be held on November 8th, 1910.  The petitioner
also asks for such other and further relief as shall seem meet
in the premises.

Public Laws, chap. 640, § 18, amending Gen. Laws (1909),
chap. 11, § 35, provides:  "SEC. 18.  Section 35 of Chapter
11 of the General Laws is hereby amended so as to read as
follows:

" 'SEC. 35.  At least ten days before any election as afore-
said the boards of canvassers in all cities and towns shall ap-
point four and may appoint six supervisors of election for each
polling-place in each town, representative-district, ward, or vot-
ing-district, wherein an election is to be held for their respective
cities, towns, and representative-districts, who shall be re-

publicans and democrats in equal numbers, to be selected from a list of not less than six electors presented to said boards of canvassers, respectively, by the city or town committee of the republican and democratic parties, respectively, the republican supervisors to be selected from the republican list, and the democratic supervisors from the democratic list, or, in case any such committee shall fail to submit such list within the required time, they shall select such supervisors from the electors of the same political party as the committee so failing to submit such list.   Such supervisors shall be qualified electors in the town, representative-district, or voting-district in which they are appointed to serve and shall severally be able to read the constitution of the state in the English language and to write their names.   Every person appointed a supervisor of election shall, within forty-eight hours thereafter, be notified in writing by the clerk of the boards of canvassers and registration, or the city or town clerk, as the case may be, of such appointment; and the person so appointed shall, within ninety-six hours after his appointment, notify in writing such clerk of his acceptance or declination of the appointment, and any vacancy occurring among said supervisors of election, whether by declination or refusal to serve or by failure to notify such clerk as aforesaid, or by failure from any cause to appear at or to remain during the time when they are required to perform their duties, shall, in cities wherein boards of canvassers and registration are established, be immediately filled by such boards, respectively, or by the presiding officer thereof, if said board shall not be in session, and in other cities by the mayor of the city, and in towns by the presidents of the town councils, respectively, from the lists before mentioned, by the substitution of a person of the same political party as was the supervisor first appointed.   Each of said supervisors shall be sworn to the faithful discharge of his duties before entering upon the performance of the same.' "

(1)   It appears that on October 10th, 1910, the democratic town committee of said town of South Kingstown presented to the town council of said town a list of names of six electors from

whom the said town council, in accordance with the statute, should select two, and might select three, democratic supervisors of election in said voting district No. 1, for the next general election. The electors, whose names were upon this list, were William A. Manchester, James E. Brougham, Jr., George S. Hazard, Thomas McGrath, William H. Leslie, and William Doane. From said list the town council selected William A. Manchester as a democratic supervisor in said voting-district; and Mr. Manchester has in writing notified the town clerk of his acceptance of the appointment. The said town council also selected George S. Hazard as a democratic supervisor in said voting-district. Mr Hazard, in writing, refused to serve. Thereupon the town council selected Thomas McGrath as such a supervisor, and Mr. McGrath also has, in writing, refused to serve. William H. Leslie and William Doane have each, in writing, notified the town clerk that he declined such appointment and would not serve as such a supervisor if selected. The petitioner is the only elector, except Mr. Manchester, whose name was upon the list presented by the democratic town committee to the town council who is willing to serve as such a supervisor; he now prays for a writ of *mandamus* as above set forth. It also appears that the president of said town council is absent from the country; that in the absence of its president the council has at each meeting elected a president *pro tempore;* that at the last meeting of said town council the respondent Everett E. Jones was by said council elected president *pro tempore.* The petitioner contends that said Everett E. Jones as such president *pro tempore* has all the powers of the president of the town council under the provisions of said Public Laws, chap. 640, § 18, and should fill the vacancy occurring among the democratic supervisors of said voting district No. 1. In the view which the court takes of this petition it is immaterial what the powers of the said respondent Everett E. Jones are under said § 18.

The court is of the opinion that, after the selection of Mr. Manchester as one of the democratic supervisors for voting district No. 1, by reason of the declination of all other persons

save one who were named upon the list presented by the democratic town committee, no list, in a proper sense of that term, now exists from which a supervisor to fill the vacancy in the democratic supervisors of said voting district can be selected. The provisions of the statute for the appointment of all supervisors contemplate a selection or choice from a number of persons whose names are presented to the town council. Such selection or choice is not now possible from among the persons named upon the list for voting district No. 1 presented by the democratic town committee. It is not the intention of the statute to permit a political committee to force a board of canvassers to appoint certain men as supervisors by presenting to said board a list of electors, of whom only two will accept such appointment. In the circumstances of this case the town council should fill the vacancy in the same manner that it is directed to make appointments when no list has been submitted.

It appears that the town council has selected only two republican supervisors of election for said voting district No 1. By rescript already filed the court has directed the town council to meet forthwith and to select a democratic supervisor from the qualified democratic electors of said voting district No. 1 to serve as such supervisor at said election with William A. Manchester, who has accepted the appointment as a democratic supervisor as aforesaid.

*Comstock and Canning, Jeremiah E. O'Connell,* for petitioner.
*Frederick C. Olney,* for respondents.